*Seventh Judicial District.*

## Court of Common Pleas of Montgomery County.

RAMSEY v. RAMSEY.

1. Where the respondent in a proceeding for divorce has not been personally served with the subpœna, nor appears, nor defends, the libellant is not a competent witness.

2. Jurisdiction in cases of divorce is exclusively in that forum in which is the real domicile of the parties, at the time and place of the injury.

Sub. sur divorce a. v. m. Sur report of examiner.

Opinion delivered February 1st, 1873, by

Ross, P. J.   One error is patent upon the face of the report of the examiner.   He has taken the testimony of the libellant, which was not admissible upon this record.   In this case there was no service upon the subpœna, or upon the alias and pluries subpœna, that were awarded upon the sheriff's return of " *non est inventus.*"   No appearance was ever entered by the respondent to any of the successive writs of subpœna.   The testimony was taken before the examiner *ex parte;* and the respondent has, therefore, been neither served, nor has he entered an appearance, neither has he at any stage of the proceedings participated, either personally or through counsel.

These being the facts, the libellant could not be received as a witness against the respondent, under the enabling act of March 4th, 1870.   Ph. L. 70, page 36.   That act provides, that the provisions of the act of April 15th, 1869, entitled an act allowing parties in interest to be witnesses, "are hereby extended so as to allow the testimony of either husband or wife to be given in his or her own behalf, in any proceeding for a divorce, in every case *where personal service of the subpœna is made on the opposite party, or said party appears or defends.*"

This is an imperative statutory prohibition, and one it is the duty of the court to enforce.   We desire in all cases hereafter, that copies of all the docket entries, certified by the prothonotary, shall, together with the subpœnas and sheriff's affidavits of service, be certified to the examiner with the certificate of his appointment.   This will enable him to judge whether the libellant is, or is not competent when she is offered as a witness.

In considering the propriety of pronouncing a decree of divorce in this case, the testimony of Mrs. Ramsey must be rejected.

Throwing it out of the case, there is no proof of a malicious and wilful desertion by the respondent, committed in Pennsylvania or elsewhere, and the case fails for want of proof.

But in order that this case may be terminated by this proceeding, it is proper to say, that, if all that the libellant has sworn to, was proved by a competent witness, it would fail to establish facts upon which this court could pronounce a decree of divorce.

Sometime after this husband and wife were married, they removed to Indianapolis, Indiana, where they settled and lived for some time, nearly

five years. They then went to Peoria, Illinois, where the alleged malicious and wilful desertion was perpetrated. Admitting, for the sake of the argument, that the acts of the respondent there constituted a desertion, it is apparent that this court has no jurisdiction over the matter. It is high time that the inferior tribunals should strictly follow the wise and healthy principle declared in Colvin v. Reed, 5 P. F. S. 375; Dorsey v. Dorsey, 7 W. 350; 3 Story's Conf. of Laws, §§ 230, 205, N. S.; McDermott's Appeal 8 W. & S. 256; Holister v. Holister, 6 Barr, 451.

This doctrine is stated with his usual clearness, by C. J. Gibson, in Dorsey v. Dorsey, the leading case in Pennsylvania on this subject. In that case the facts were, that the parties had been citizens of Pennsylvania, and had married here, but had both removed to Ohio, where they were domiciled at the time of the alleged desertion of the husband. The wife returned to Pennsylvania, where, after a residence of several years, she presented her petition for a divorce *a vinculo,* which was dismissed for want of jurisdiction. The great chief justice, differing from both the Scotch and English courts, wisely ruled that jurisdiction depended on the real domicile of the parties, at the time and place of the injury. "In all such cases," he said, "the person of the transgressor is not amenable to our jurisdiction, and an attempt to pronounce a decree depriving him of rights, particularly where he had no hearing or notice, is an extravagance." "It follows," said Judge Gibson, "on our own principle, however, that not only does jurisdiction belong to the courts at the place of the domicile, but that the retribution must be meted by their measure. The appellant's case, therefore, appertains to the authorities in Ohio. The forum is there, and the law which declares the offence is there."

So, too, it may be said in this case. The libellant's case, therefore, appertains to the authorities in Illinois, and is not cognizable here.

The English rule upon the same subject, is well stated by Lord Penzance in Shaw vs. Atty. Genl., Legal Intelligencer, vol. 29, 14.

This law is in accordance with sound principles. The shifting rules of evidence in the several States, varying with the notions of legal reform, and stages of progress in the various commonwealths; the varied character of redress and protection afforded by the statute law of the several States; the ease with which a new domicile can be acquired by either party, and above all the shameful facility by which divorces can be obtained in some of our sister sovereignties, require an adherence to these principles.

Tested by these standards, this case fails for want of jurisdiction, as well as for want of evidence.

We decline to dissolve the bonds of matrimony existing between this libellant and respondent, and dismiss the libel for want of jurisdiction.

And now, February 1st, 1873, decree of divorce *a vinculo* refused, and the libel is now dismissed, and it is further ordered that the libellant pay the costs which have accrued thereon.

*H. A. Brunner, Esq.,* for libellant.